UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60199-Civ-MARRA/JOHNSON

COURT-APPOINTED RECEIVER FOR
LANCER MANAGEMENT GROUP LLC,
LANCER MANAGEMENT GROUP II
LLC, LANCER OFFSHORE INC.,
OMNIFUND LTD., LSPV INC., LSPV LLC,
ALPHA OMEGA GROUP INC., and
G.H. ASSOCIATES LLC

        Plaintiffs
vs.

ALFRED A. TAUBMAN AS TRUSTEE FOR
THE A. TAUBMAN RET. REV. TRUST, et al.

        Defendants.
_____/

### ORDER AND OPINION ON TAUBMAN'S MOTION TO DISMISS

**This Matter** is before the Court upon Taubman's Motion to Dismiss Third Amended Complaint [DE 59]. The Court has carefully considered the motion, the response, and the reply. Alfred A. Taubman as Trustee for the A. Taubman Ret. Rev. Trust ("Taubman") moves to dismiss the Third Amended Complaint ("Complaint") claiming it fails to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). In the Motion to Dismiss, Taubman argues that Counts I, II, and III of the Third Amended Complaint should be dismissed because "Florida's Fraudulent Transfer Act does not apply to a cash distribution made by a Connecticut entity to a Michigan

Trust, especially where there is no allegation in the Third Amended Complaint that any aspect of the alleged transfer ever touched Florida in any way." DE 59 at 2. Taubman further argues that, because the Receiver has failed to allege the absence of an adequate legal remedy, Count IV of the Third Amended Complaint for unjust enrichment should be dismissed.

The Receiver responds that Taubman is prematurely focusing on conflicts of laws issues and technical pleading arguments that do not support dismissal under the simple pleading rules of Fed.R.Civ.P. 8. As to Count IV, the Receiver requests that, in lieu of dismissal without prejudice and re-pleading by the Receiver, the Court should simply grant the Receiver leave to amend the count for unjust enrichment to allege the inadequacy of an alternative legal remedy.

## Introduction

This is an action by Plaintiff Marty Steinberg (the "Receiver"), as the Court-appointed Receiver for Lancer Management Group LLC, Lancer Management Group II LLC, Lancer Offshore Inc., and other related entities (collectively, "Lancer").[1] Lancer operated hedge funds from the British Virgin Islands. The Securities and Exchange Commission filed a civil action against Lancer and its founder, Michael

---

[1] The Receiver refers to Lancer Management Group LLC, Lancer Management Group II LLC, Lancer Offshore Inc., Omnifund Ltd., LSPV Inc., LSPV LLC, Alpha Omega Group Inc., and G.H. Associates LLC collectively as the "Receivership Entities."

Lauer, in this Court (Case No. 03-80612-Civ-Marra), based on alleged securities fraud. The Receiver has filed this ancillary action against Taubman and other investors in the hedge funds, seeking to recover redemptions and transfer payments they received from the funds, which the Receiver contends were fraudulent.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party defending an action may seek to eliminate a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6).  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 235 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993). Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pautala Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied.  *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir. 1992).

Rule 8(a) requires that the complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  A plaintiff need not plead specific facts for every element of a cause of action.  *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986).  However, a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action.  *See Aware Woman Ctr.*, 253 F.3d at 684; *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept.1981).  "Thus, at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Aware Woman Ctr.*, 253 F.3d at 684.

## Discussion

### Counts I, II, III: Fraudulent Transfer

The Complaint alleges that this cause of action against Taubman arises out of a cash distribution made by a Connecticut entity to a Michigan trust.  Counts I through III plead Fraudulent Transfer under Florida law and "other applicable law."  Taubman argues that Florida law is inapplicable because there is no connection or nexus between the claims asserted and Florida.  By pleading the elements of a claim under

inapplicable law, asserts Taubman, the Receiver fails to state a valid claim against him.

The Receiver responds that the allegations of fraudulent transfer in the Complaint are under both Florida and "other applicable law."  By including fraudulent transfer allegations of "other applicable [state] law[s]," the Receiver believes his claims against Taubman are preserved in the event the substantive law of some other state, such as Connecticut, New York, or Michigan governs.  The Receiver asserts that Taubman's focus on the conflicts of laws issue is premature.  The Court agrees.

Taubman is not asserting that the Complaint fails to state a claim for fraudulent transfer under *any* applicable law but rather that the claim is alleged under inapplicable law.  Taubman overlooks, however, that the Receiver has included in his Complaint an alternative, broader claim that leaves open which state's fraudulent transfer law is applicable.  In the Complaint, the Receiver specifically alleges that the transfers are avoidable and recoverable under Florida Statutes 726 and "*other applicable law*" (emphasis supplied).  This allegation serves to preserve the Receiver's claims against Taubman in the event the substantive law of some other state governs the Receiver's claims.  It is premature to undertake a conflict of laws analysis at this stage of the proceeding.

**Count IV: Unjust Enrichment**

In his Motion to Dismiss, Taubman argues that Count IV for unjust enrichment should be dismissed because the Receiver has failed to plead the absence of an adequate remedy of law.  It is correct that "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy."  *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) (quoting *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994)); *see also In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002).

The Receiver may, however, maintain an equitable unjust enrichment claim in the alternative to his legal claims against Taubman.  Federal Rules of Civil Procedure 8(a) and 8(e)(2) specifically authorize a plaintiff to plead causes of action in the alternative.  *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) ("[a]lthough equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief").

The Receiver acknowledges that he has not included in his claim for unjust enrichment the allegation that no other adequate legal remedy exists.  The Receiver requests leave to amend the count for unjust enrichment to allege the inadequacy of an alternative legal remedy.  The Court does not discern any improper motive or

undue delay on the part of the Receiver in seeking such leave, or that there will be any significant prejudice to Taubman if this Court grants the Receiver's request. Therefore, in accordance with the findings herein, it is hereby

ORDERED AND ADJUDGED that Taubman's Motion to Dismiss Third Amended Complaint [DE 59] is GRANTED IN PART AND DENIED IN PART.  Taubman's Motion is denied as to Counts I through III of the Third Amended Complaint.  Taubman's Motion is granted as to Count IV of the Third Amended Complaint.  The Receiver is granted leave to amend the count for unjust enrichment to allege the inadequacy of an alternative legal remedy.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2007.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record